Filed 9/26/14  P. v. Garza CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039840 |
| Plaintiff and Respondent, | (Monterey County  Super. Ct. No. SS122383) |
| v. | |
| MICHAEL ANGEL GARZA, | |
| Defendant and Appellant. | |

Defendant Michael Angel Garza appeals a judgment entered following his no contest plea to drug charges.  On appeal, he asserts a probation condition related to drug possession imposed by the court is vague and overbroad, because it does not contain a knowledge requirement.

### STATEMENT OF THE CASE[1]

Defendant was charged by information with transportation of marijuana (Health & Saf. Code, § 11360, subd. (a)), possession of concentrated cannabis (Health & Saf. Code, § 11357, subd. (a)), and resisting a peace officer (Pen. Code, § 148, subd. (a)(1).  The information also alleged defendant had served one prior prison term (Pen. Code, § 667.5, subd. (b)).

---

[1] The underlying facts of this case are omitted because they are not relevant to the issue on appeal.

Defendant pleaded no contest to possession of concentrated cannabis and resisting a peace officer, and he admitted the prison prior.

The court suspended imposition of sentence and granted defendant probation for a term of three years. The court imposed a condition of probation that defendant "[n]ot use or possess alcohol, narcotics, intoxicants, drugs or other controlled substances without the prescription of a physician."

Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant asserts on appeal that the probation condition concerning possession of drugs is vague and overbroad, because it does not include a knowledge requirement. The Attorney General concedes this point, and we accept the concession.

The probation condition at issue in this case relates to defendant's possession of drugs. The condition does not contain a requirement that defendant knowingly possess drugs. Absent a requirement that defendant know he is disobeying the condition, he is vulnerable, and unfairly so, to punishment for unwitting violations of it. (See *People v. Lopez* (1998) 66 Cal.App.4th 615, 628-629.) An appellate court is empowered to modify a probation condition in order to render it constitutional. (*In re Sheena K.* (2007) 40 Cal.4th 875, 892.) In this case, we will modify the probation condition to state that defendant "[n]ot knowingly use or possess alcohol, narcotics, intoxicants, drugs or other controlled substances without the prescription of a physician."

## DISPOSITION

The judgment is modified to include a knowledge requirement in the drug-related probation condition. As modified, the judgment is affirmed.

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

ELIA, J.